IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| MARIA McNULTY,<br>242 Soundview Avenue<br>Stamford, CT  06902,<br><br>and<br><br>MICHAEL McNULTY,<br>242 Soundview Avenue<br>Stamford, CT  06902,<br><br>    Plaintiffs,<br><br>v.<br><br>POTOMAC ELECTRIC POWER<br>  COMPANY,<br>701 Ninth Street, N.W., Suite 1300<br>Washington, D.C.  20068<br>Serve:<br>   Corporate Creations Network, Inc.<br>   2 Wisconsin Circle, Suite 700<br>   Chevy Chase, MD  20815,<br><br>and<br><br>AVANTE ELLSWORTH<br>  VENTURE I, LLC,<br>9010 Overlook Boulevard<br>Brentwood, TN  37027<br>Serve:<br>   State Department of Assessments<br>    &amp; Taxation<br>   Room 801<br>   301 W. Preston St.<br>   Baltimore, MD  21201<br><br>    Defendants. | Case No. 485276-V<br><br>JURY TRIAL DEMANDED<br><br>RECEIVED<br><br>MAR 30 2021<br><br>Clerk of the Circuit Court<br>Montgomery County, Md. |

## COMPLAINT

Plaintiffs Maria McNulty and Michael McNulty (collectively, "Plaintiffs"), by and through their undersigned counsel, Thomas W. Mitchell and Mitchell Firm, PLLC, and for their

complaint against the Potomac Electric Power Company ("PEPCO") and Avante Ellsworth Venture I, LLC ("Avante"), state and allege as follows:

## THE PARTIES

1. Plaintiff Maria McNulty is a resident of the State of Connecticut, and resides at 242 Soundview Avenue, Stamford, CT 06902.

2. Plaintiff Michael McNulty is a resident of the State of Connecticut, and resides at 242 Soundview Avenue, Stamford, CT 06902. At all relevant times, Maria McNulty and Michael McNulty were married.

3. Defendant PEPCO at all relevant times was a corporation organized and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia, and was licensed to, was authorized to, and did business in Maryland.

4. Defendant Avante at all relevant times was a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the Brentwood, Tennessee, and was licensed to, authorized to, and did business in Maryland.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction pursuant to Md. Code Ann., *Cts & Jud. Proc.* § 6-102 and § 6-103.

6. This Court has subject matter jurisdiction pursuant to Md. Code Ann., *Cts. & Jud. Proc.* § 1-501.

7. Venue is proper in this Court pursuant to Md. Code Ann., *Cts. & Jud. Proc.* § 6-201, because the events that are the subject of this action occurred at 8661 Colesville Road, Silver Spring, Montgomery County, Maryland 20910.

## FACTUAL BACKGROUND

8. On August 17, 2018, Maria McNulty was walking on the public sidewalk that is along/adjacent to Fenton Street, between Colesville Road and Ellsworth Drive, in Silver Spring, Maryland, along and in front of the commercial property known Ellsworth Place, which has a street address of 8661 Colesville Road, Silver Spring, Maryland 20910 ("Ellsworth Place"). It was raining.

9. The portion of the sidewalk on which Maria McNulty was walking consisted of metal grates on a downward sloping grade, and hereafter are referred to as the "Metal Grates."

10. Upon information and belief, Defendant Avante owned, controlled, managed, and maintained Ellsworth Place.

11. Upon information and belief, both of Defendants PEPCO and Avante owned, installed, managed, controlled and maintained the Metal Grates.

12. Upon information and belief, the Metal Grates provided Defendants PEPCO and Avante with access to subterranean facilities that both Defendants owned, operated and/or managed.

13. As Maria McNulty proceeded to walk on the downhill slope atop the wet Metal Grates toward the entrance of Ellsworth Place, she slipped because of the unreasonably slippery surface of the Metal Grates and fell violently to the ground.

14. While laying on the Metal Grates, Maria McNulty immediately felt searing pain from injuries throughout her body, including her shoulders, knees and back.

15. As a direct result of the fall, Maria McNulty sustained severe physical injuries which have left her with permanent pain and physical limitations.

16.     As a further direct result of the fall, Maria McNulty has incurred, and will continue to incur, substantial medical expenses; has incurred substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

**COUNT I**
(Negligence: Premises Liability – Maria McNulty)

17.     Plaintiffs restate, reallege and incorporate the allegations in paragraphs 1-16 above as if fully stated here.

18.     Defendants, as the owners, installers, managers, controllers, and maintainers of the Metal Grates, owed a duty to Maria McNulty to keep the Metal Grates in a reasonably safe condition, and to warn persons on the premises of any hazardous conditions under their ownership, management and/or control, including the unreasonably slippery Metal Grates.

19.     Defendants breached their duties to Maria McNulty in some or all of the following ways:

    a.  by installing Metal Grates that were not properly slip-resistant;

    b.  by failing to maintain the Metal Grates in a reasonably safe condition;

    c.  by failing to warn patrons and other persons of the unreasonably slippery, non-slip resistant condition of the Metal Grates; and

    d.  by otherwise failing to provide a reasonably safe path for patrons to use while walking adjacent to Ellsworth Place.

20.     Defendants knew or should have known, through actual and constructive notice, about the unreasonably hazardous condition of the Metal Grates prior to Maria McNulty's fall through their selection, installation, ownership, management and/or control of the Metal Grates.

21.  As a direct result of Defendants' negligence, Maria McNulty suffered the injuries and damages set forth in herein.

22.  Maria McNulty was not contributorily negligent, and did not assume the risk of slipping on the unreasonably hazardous and slippery Metal Grates.

WHEREFORE, Plaintiff Maria McNulty demands judgment against the Defendants, jointly and severally, in the amount of $1,000,000.00, or other amount proven at trial, plus interests and costs, and any other relief the Court deems just and proper.

## COUNT II
(Loss of Consortium:  Maria McNulty and Michael McNulty)

23.  Plaintiffs restate, reallege and incorporate the allegations in paragraphs 1-22 above as if fully stated here.

24.  At all times relevant herein, Plaintiffs Maria McNulty and Michael McNulty were legally married.

25.  As a direct and proximate result of the Defendants' negligence, as alleged above, Mr. and Mrs. McNulty suffered, and will continue to suffer, the loss of each other's marital services, love, affection, companionship, services, society and economic loss.

26.  Maria McNulty was not contributorily negligent, and did not assume the risk of slipping on the unreasonably hazardous and slippery Metal Grates.

WHEREFORE, Plaintiffs Maria McNulty and Michael McNulty demand judgment against the Defendants, jointly and severally, in the amount of $500,000.00, or other amount proven at trial, plus interests and costs, and any other relief the Court deems just and proper.

Date: March 30, 2021

Respectfully submitted,

By: *[signature]*

Thomas W. Mitchell (CPF 9712290008)
MITCHELL FIRM, PLLC
7625 Wisconsin Avenue, Third Floor
Bethesda, MD  20184
(240) 482-3597
(240) 482-3599 (fax)
tmitchell@themitchellfirmpc.com

Attorneys for Plaintiffs Maria McNulty and Michael McNulty

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*[signature]*

Thomas W. Mitchell